```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Seacoast Motorcycles, Inc.

    v.                                    Civil No. 10-cv-532-LM

Town of North Hampton, et al.


**O R D E R**

In a case that has been removed from the Rockingham County Superior Court, Seacoast Motorcycles, Inc. ("Seacoast") seeks injunctive and declaratory relief against the enforcement of a motorcycle noise ordinance adopted by the Town of North Hampton, New Hampshire ("Town").  In the state court, New Hampshire Citizens Against Loud Motorcycles ("NH CALM") intervened.  Then, NH CALM removed the case to this court.  Before the court is Seacoast's motion to remand.  NH CALM objects.  For the reasons given, Seacoast's motion is granted.

**Background**

In April of 2010, the Town enacted an ordinance that provides:

> No person shall park, use or operate a motorcycle within the Town of North Hampton manufactured after December 31, 1982, that does not bear the required applicable EPA exhaust system label pursuant to C.F.R. Title 40, Volume 24, Part 205, Subparts D and E, and any subsequent amendments thereto.

Pl.'s Pet. (doc. no. 1-5), at 1.  Seacoast petitioned the Superior Court to enjoin enforcement of the ordinance on a

number of grounds.  The Superior Court granted NH CALM's motion to intervene as an "interested party" on October 6, 2010, and NH CALM received notice of the court's ruling on October 20.

On November 17, 2010, NH CALM filed a notice of removal in this court, and served that notice on both Seacoast and the Town.  Seacoast now moves to remand the case to state court.  In support of its motion to remand, Seacoast represents, albeit without evidentiary support, that "not only has the . . . Town . . . not consented to the removal, the Town has consented to remanding the case back to Superior Court."  Pl.'s Mem. of Law (doc. no. 3-1), at 7.  For its part, the Town has filed nothing in this court indicating, either directly or indirectly, its consent to removal.  But, more importantly, in a filing dated December 23, 2010, NH CALM admitted that "the Town apparently has not expressly consented to removal."  Def.'s Mem. of Law (doc. no. 5-1), at 3.  NH CALM continued: "The Town's failure to expressly consent can be remedied by a subsequent filing demonstrating consent, which NH CALM hopes to be forthcoming." Id.  But, NH CALM said nothing about any steps it had taken, or intended to take, to secure the Town's consent.  That is, it offered no reason to conclude that its hope for consent was at all realistic.

2

**Discussion**

Seacoast argues that this case should be remanded because: (1) NH CALM has not obtained the Town's consent to removal; (2) NH CALM's notice of removal was untimely; and (3) this court lacks subject-matter jurisdiction over its claims. Seacoast also asks for the attorney's fees it incurred as a result of the removal. Seacoast's first argument for remand is persuasive, and dispositive,[1] and its request for attorney's fees is meritorious.

A. Lack of Consent

Seacoast argues that NH CALM has failed to secure the Town's consent to removal and that, as a consequence, the case should be remanded. NH CALM contends that Seacoast has provided no documentation of the Town's lack of consent, and hopes to demonstrate the Town's consent in a subsequent filing.[2] In the

---

[1] Without formally analyzing the issue, the court observes that NH CALM's claim for federal-question jurisdiction appears to be exceptionally weak.

[2] In its objection to Seacoast's motion to remand, NH CALM relies on Samaan v. St. Joseph Hospital, 685 F. Supp. 2d 163 (D. Me. 2010), but Seacoast's reliance is misplaced. In Samaan, two defendants successfully resisted the plaintiff's motion to remand a case removed from state court where one defendant removed the case without providing notice of the second defendant's consent to removal, but both defendants subsequently objected to the plaintiff's motion to remand. See 685 F. Supp. 2d at 165, 167. Samaan, of course, had something that this case lacks, i.e., a second defendant that objected jointly with the first defendant to the plaintiff's motion to remand.

3

six weeks since NH CALM made that representation, it has filed nothing with the court to demonstrate the Town's consent.

"Under the [federal] removal statute, a defendant in a state court action may remove the action to federal court so long as the plaintiff could have originally filed the action in federal court." Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 75 (1st Cir. 2009) (citing 28 U.S.C. § 1441). "Removal statutes are to be narrowly construed." Id. at 76 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09)).

The removal statute further provides that "[a] defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district . . . within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Section 1446(a) is the source of "the so-called 'unanimity requirement,'" under which, "subject to a few exceptions not applicable here, all defendants must consent to remove the case for removal to be effected." Esposito, 590 F.3d at 75 (citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900); 11C Charles Alan Wright et al., Federal Practice and Procedure § 3731 (3d ed. 1998)). Among other things, the unanimity requirement "precludes one defendant from imposing his choice of forum on a co-defendant." Esposito, 590 F.3d at 75

4

(citing <u>Sansone v. Morton Mach. Works, Inc.</u>, 188 F. Supp. 2d 182, 184 (D.R.I. 2002)).[3]  <u>Sansone</u> also points out "that consent must be manifested clearly and ambiguously to the Court <u>within the statutorily prescribed thirty days</u>."  <u>Id.</u> (emphasis added, citations omitted).  In a case cited by the First Circuit in <u>Esposito</u>, the Sixth Circuit explained:

> Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to removal in writing <u>within thirty days</u> of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable.  See <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 354 (1999).  Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.

<u>Loftis v. United Parcel Serv., Inc.</u>, 342 F.3d 509, 516 (6th Cir. 2003) (emphasis added, parallel citation omitted); <u>see also</u> <u>Andreshak v. Serv. Heat Treating Inc.</u>, 439 F. Supp. 2d 898, 901 (E.D. Wis. 2006) (explaining that all defendants must join notice of removal in a writing "communicated to the court within thirty days of the date when the removing defendant was served" (citations omitted); <u>Marshall v. Skydive Am. S.</u>, 903 F. Supp. 1067, 1069 (E.D. Tex. 1995) ("As a general rule, all served

---

[3] For reasons that are unclear, NH CALM's notice of removal cites <u>Lowery v. Alabama Power Co.</u> for the proposition that one defendant can remove an entire action, but because that case involved jurisdiction under the Class Action Fairness Act, <u>see</u> 483 F.3d 1184, 1195-98 (11th Cir. 2007), <u>Lowery</u> is wholly inapplicable to the question before the court in this case.

defendants must join in the petition for removal no later than thirty days from the day on which the first defendant was served. . . . Failure to do so is a waivable, non-jurisdictional defect.").

"The defendant seeking removal bears the burden of establishing that the defendant has complied with the removal procedures." 16 James Wm. Moore, Moore's Federal Practice § 107.11[3], at 107-46 (3d ed. 2010); see also Santa Rosa Med. Ctr., Inc. v. Converse of P.R., Inc., 706 F. Supp. 111, 114 (D.P.R. 1988) ("The petitioning defendant bears the burden of establishing compliance with the requirements of the removal statute, including the requirement of the joinder or timely consent of all defendants.") (citations omitted). While not a jurisdictional defect, a defendant's failure to demonstrate the consent of other defendants "constitutes a 'defect in removal procedure' and is grounds for remand." Sansone, 188 F. Supp. 2d at 184 (quoting FDIC v. Loyd, 955 F.2d 316, 320 (5th Cir. 1992); see also Esposito, 590 F.3d at 75; Santa Rosa, 706 F. Supp. at 114 (citations omitted).

Here, more than sixty days after NH CALM became a defendant in this case, it acknowledged, in its objection to Seacoast's motion to remand, that it had not demonstrated the Town's consent, offering nothing more than its hope that consent was forthcoming. While the precise manner in which the unanimity

requirement must be met is not as well settled as the requirement itself, see Esposito, 590 F.3d at 76, NH CALM's hope that consent was forthcoming falls far short of even the most removal-friendly form of consent described in Esposito, see id.

To the extent NH CALM still harbors a hope that the Town might yet consent to removal – in the face of Seacoast's representation that the Town has actually consented to remand – any such consent, coming beyond the thirty-day deadline for defendants to consent to removal, would be ineffective. Because NH CALM has not demonstrated that the Town joined in or consented to the notice of removal in writing within the requisite time period, it has not demonstrated compliance with the unanimity requirement and, as a consequence, the court grants Seacoast's motion to remand.[4]

---

[4] The court acknowledges that application of the thirty-day time limit for joinder or consent in this case is a bit of a challenge. That time limit derives from 28 U.S.C. § 1446(b), which requires that "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Here, of course, Seacoast never filed a pleading setting forth a claim for relief against NH CALM; NH CALM is in the case as a result of its own intervention. That said, the court agrees with NH CALM that it had thirty days from when it became a party in the Superior Court, i.e., October 20, to file its notice of removal. See Notice of Removal (doc. no. 1) ¶ 2. Unfortunately for NH CALM, that same deadline applied to demonstrating the Town's consent to removal.

B. Attorneys' Fees

The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Based either on unusual circumstances or NH CALM's lack of an objectively reasonable basis for removing this case, Seacoast is entitled to attorney's fees under § 1447(d).

NH CALM filed its notice of removal three days before the date by which it was obligated to demonstrate joinder or consent by the Town. But, notwithstanding its acknowledgment of the "Unanimity Rule" in its notice of removal, see doc. no. 1 ¶ 2, NH CALM said nothing about how it had satisfied, had attempted to satisfy, or intended to try to satisfy that rule. The notice indicated that NH CALM was serving it on the Town, but NH CALM did not indicate that it intended to seek the Town's consent to removal. Moreover, when it objected to Seacoast's motion to remand, NH CALM did not describe any steps it had taken to secure the Town's consent; it acknowledged that the Town had not consented to removal; and it demonstrated a significant misapprehension of the burden of proof, pointing out the legally

8

meaningless fact that Seacoast had not affirmatively documented the Town's lack of consent.

Given that the unanimity requirement, the burden of proving compliance with it, and the deadline for doing so are all well established, NH CALM's legal stance, steadfastly maintained after the deadline for demonstrating joinder or consent had passed, was patently unreasonable. Because Seacoast was forced to litigate to preserve its choice of forum against a position that was not just incorrect, but had no objective basis, either legally or factually, Seacoast is entitled to the costs and attorney's fees it reasonably incurred in securing a remand.

### Conclusion

For the reasons given, Seacoast's motion to remand, doc. no. 3, is granted, and this case is remanded to the Rockingham County Superior Court.

In addition, Seacoast is entitled to the reasonable attorney's fees and costs it incurred as a result of the removal. The court shall retain jurisdiction to resolve Seacoast's request for fees and costs. See Bryant v. Britt, 420 F.3d 161, 165-66 (2d Cir. 2005) (collecting cases); see also 16 James Wm. Moore, supra, § 107.41[3][a][iii] (3d ed. 2010). Seacoast shall file a request for costs and fees within twenty days of the date of this order in accordance with Local Rule

54.1(b). NH CALM shall then have an opportunity to respond to that request pursuant to section (c) of that rule.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: February 4, 2011

cc: Gregory A. Holmes, Esq.
    Matthew R. Serge, Esq.
    Robert A. Shaines, Esq.