**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Seacoast Motorcycles, Inc.

    v.                                   Case No. 10-cv-532-LM

Town of North Hampton
and NH Citizens Against
Loud Motorcycles

**O R D E R**

Before the court is a verified application for costs and fees, filed by Seacoast Motorcycles, Inc. ("Seacoast"), pursuant to this court's Order of February 4, 2011. NH Citizens Against Loud Motorcycles ("NH CALM"), the intervenor that improvidently removed this case, objects. For the reasons that follow, Seacoast is awarded attorney's fees in the amount of $8,807.50, to be paid by NH CALM.

When determining the amount of an award of attorney's fees, "[n]ormally, a district court begins with a lodestar analysis." De Jesús Nazario v. Morris Rodríguez, 554 F.3d 196, 207 (1st Cir. 2009).

> The "lodestar method" of calculating attorneys' fees awards requires the district judge to multiply the number of hours productively expended by counsel by a reasonable hourly rate. See De Jesus Nazario v. Morris Rodriguez, 554 F.3d 196, 207 (1st Cir. 2009).

> The resulting amount is presumptively reasonable, Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992), although the district court enjoys some discretion to adjust the lodestar amount upwards or downwards, see De Jesus Nazario, 554 F.3d at 207.

Burke v. McDonald, 572 F.3d 51, 56 (1st Cir. 2009). "When the district court arrives at the lodestar and completes its consideration of possible adjustments, it ought to provide a 'concise but clear' explanation of its calculation of the resultant fee award." Torres-Rivera, 524 F.3d at 337 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

"The party claiming attorneys' fees bears the burden of proving the reasonableness of the hours it claims." Burke, 572 F.3d at 63 (1st Cir. 2009) (citation omitted). "In crafting its lodestar, the trial court may adjust the hours claimed to remove time that was unreasonably, unnecessarily or inefficiently devoted to the case." De Jesús Nazario, 554 F.3d at 207 (citation omitted). Here, the court can discern no basis for adjusting the number of hours Seacoast claims; a total of twenty-seven hours to draft a motion to remand, and a reply to an objection, seems appropriate. Moreover, the court rejects NH CALM's argument that Seacoast should not recover attorney's fees for drafting a reply to its objection because all the authority the court needed to remand the case was in Seacoast's motion to remand. If the grounds for remand were as clear as NH CALM now

2

says they were, then NH CALM could have prevented Seacoast from filing a reply by assenting to remand rather than objecting to Seacoast's motion.  Finally, with respect to the hours claimed by Seacoast, the court does not agree that the billing records lack sufficient detail.  At this stage in the case, the only issue being litigated was remand, which means that the court is not faced with the job of distinguishing between hours spent on tasks that qualify for an award of attorney's fees and hours spent on tasks that do not.  In sum, Seacoast has carried its burden of demonstrating the reasonableness of the hours it claims.

Turning to the second part of the lodestar, "[r]easonable hourly rates will vary depending on the nature of the work, the locality in which it is performed, the qualifications of the lawyers, and other criteria." United States v. One Star Class Sloop Sailboat Built in 1930 With Hull Number 721, Named "Flash II", 546 F.3d 26, 38 (1st Cir. 2008) (citing Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001); United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19-20 (1st Cir. 1988)).  A reasonable hourly rate is to be determined "'according to the prevailing market rates in the relevant community,' that is 'those prevailing in the community for similar services by lawyers of reasonably comparable skill,

experience and reputation.'" Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 955 (1st Cir. 1984) (quoting Blum v. Stenson, 465 U.S. 886, 895 & n.11 (1984)).  "[T]he court may take guidance from, but is not bound by, an attorney's standard billing rate." Gay Officers, 247 F.3d at 296 (citing Brewster v. Dukakis, 3 F.3d 488, 492-93 (1st Cir. 1993)).  NH CALM does not appear to challenge the hourly rate Seacoast uses to calculate its lodestar, and the court finds that rate to be adequately supported by the affidavit of Elizabeth Leonard submitted in support of Seacoast's application for costs and fees.

For the reasons given, Seacoast's application for costs and fees, doc. no. 12, is granted in full.  NH CALM shall pay Seacoast $8,807.50.  Upon notification by Seacoast that NH CALM has complied with this order, the clerk of the court shall close this case.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


April 14, 2011

cc:  Gregory A. Holmes, Esq.
     Matthew R. Serge, Esq.
     Robert A. Shaines, Esq.